Good morning, Your Honor. My name is Gary Singh. I'm here representing Mr. Shivaraman. There's another related case on the same issue that was discussed two days ago in Los Angeles by the Ninth Circuit, Lange v. Ashcroft. You mean it was heard two days ago? That's correct. Yes, I think we're aware of that case. If the panel that hears that case decides this issue, it will have priority. But often a panel hears a case and for one reason or another does not reach the merits. And if it doesn't reach the merits of this issue, then this panel, which is why we decided to go ahead with the argument. Thank you. Apparently this case tends to appear more clean compared to the one that was said in Los Angeles two days ago. My client came in as a foreign student from India, September 2nd, 1989. And then he got his green card adjustment on December 2nd, 1997. He never left the country. The sole issue before this was... And was he here legally at all times? At all times he was in legal status. In legal, L-E-G-L. That's correct. At all times he was in legal status. He was never out of status and he gained his permanent lawful residence status based on employment. And then on December 27, 2000, he was convicted for theft in the first degree, where he served seven months in prison. Upon his release, there was a detainer. The Honolulu immigration office got him. And he'd been sitting at the federal detention center since then. As we speak, he spent more time sitting in prison because of this case. When did you say he was put under detention, sir? He was convicted on 12-27-2000. So he spent seven months. And then the government got him. The bond was denied on the case. And we took the case up to the BIA. So the sole issue here is admission. And the statute is very clear, as this court is well aware of. Section 101-A-13-A, the term admission and admitted means, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer. Well, the problem with that is it obviously has to mean more than that. As the rosehouser at Mohawk County case says. If someone arrives here illegally and is not inspected but somehow gains status, he can't take the position that the definition is the one that he read us. Because then he's never been legally admitted under that definition. That is correct, Your Honor. We do understand that Roseh's-Ramirez and Ocampo case, which was by the Ninth Circuit, that dealt with aliens who made entry without inspection. So therefore, they had to give the alien an entry date to decide when they came in. An admission date, which would be the date they were legally admitted by virtue of some change of status or permit or whatever they were given. That's correct, Your Honor. Now, under immigration law, if you're admitted in any given status, and if you're applying for some relief, for example, for cancellation, if you can show that you've been here for seven years under any status and five years as a green card holder, you can go before an immigration judge and ask for relief. The term admission basically means coming to a court with a valid passport, seeing an immigration officer, and getting admitted. That was done by Mrs. Shivaram. But when we went before the immigration court, she relied on the board's case, the ROSAS, Ramirez case, and Ocampo case. And we disagreed with that judge's finding. If he had just continued to get permits to work... Yes, Your Honor. He was at all times... No, I said if he had and had never gotten a change of status, then he would have passed his five years. That's correct. Because he adjusted. But because he became a permanent resident. Right. So you're penalizing him for becoming a permanent resident. All right. Is there anything else? No, Your Honor. Basically, we have discussed all the other issues. Thank you. May I please the Court, Jocelyn Wright again for the respondent, U.S. Attorney General. I believe the parties are in agreement that his adjustment to lawful permanent residency in December of 1997 is considered an admission by both board case law and the court's case law. Now, he has attempted to distinguish Ocampo and ROSAS, I believe, on the basis that the aliens in those cases were entered without inspection rather than were lawfully admitted. It was their only admission. Excuse me? It was their first and only admission. Yes. And I believe that he's attempting to distinguish it on that. However, the court's rationale in Ocampo doesn't make that distinction. The court simply said that an adjustment to lawful permanent resident status constitutes an admission under the Act. And the petitioner in that case, Ocampo, hasn't given a reason why aliens who are lawfully who are not, who entered without inspection should be treated any differently, which takes as its premise that any admission for too lawful permanent status, any adjustments to lawful permanent status is an admission, which covers not only aliens who entered without inspection, but aliens who did enter in lawful status, such as a nonimmigrant visa, which is the situation that we have in this case. So attempting to distinguish Ocampo and the boards in ROSAS on that ground simply has to fail. And so the real issue before the court is not so much whether the admission, which definition of admission applies, but whether the Board of Immigration Appeals reasonably and permissibly interpreted the statute to determine that the second admission, or arguably the third, but his adjustment to lawful permanent residency, is the proper admission to take into account in determining whether he is removable under 237. Well, it's not a completely different circumstance, though. I mean, I can fully understand the GIA's decision when someone has entered illegally because there's a statutory gap and they have to fill the statutory gap. But there doesn't seem to be a statutory gap with respect to the definition of admission when someone has lawfully entered after inspection and authorization. But it doesn't preclude the alien from having more than one admission date, and that was what happened here. No, I understand your argument. It's just I'm trying to square it with the statute. I'm not sure Congress has indicated there's more than one admission date. But admission isn't the equivalent of entry, which is what he's arguing. Admission isn't restricted. No, I understand that. But the question is whether there's a distinction between illegal and legal entry in this case and whether, therefore, you can have multiple admission periods. And I don't believe our position and the Board's position is that the second admission, even though he never physically left the country, by applying to adjust his status to lawful permanent residency, he had to basically assimilate himself in the position of an alien seeking admission into the United States with an immigrant visa. And as part of that determination, he had to also establish that he is not inadmissible under the statute, under any of the grounds of excludability or inadmissibility listed in the statute. And because of that, he had to go ahead and, in a sense, be inspected and admitted. And that is why that was a lawful date of admission. And that's why the Board's interpretation of the statute to require, to mean that the second date of admission is properly considered for the purposes of determining his removability under 237 is reasonable and deserves Chevron deference. And unless the Court has any further questions on that issue, I believe we'll just rest on the arguments that have already been submitted in our briefs. Thank you very much. I have nothing further to add. Thank you. The case case argument will be submitted. Next case on the calendar is Chang versus camera camera. Come here, man. Come here, man. School. You can be seated, please. I should know how to pronounce that name. There's certainly been enough legal and other publicity about that. You've got a lot of cases.
judges: Browning, Reinhardt, Thomas